UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

---

TERRY ANN STEIN,

                                       Plaintiff,

      v.                                                 2:17-CV-167
                                                             (TJM/CFH)

DIANE C. HADDOCK, MD and THE UNIVERSITY
OF VERMONT MEDICAL CENTER f/k/a FLETCHER
ALLEN HEALTH CARE, INC.

                                       Defendants.

---

APPEARANCES:

TERRY ANN STEIN
301 Old Stage Road
Essex Junction, VT 05452
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION & ORDER

      Plaintiff pro se Terry Ann Stein commenced this action on September 8, 2017 with the filing of a complaint. Dkt. No. 1. On September 19, 2017, this case was reassigned to a District Court Judge in the Northern District of New York. Dkt. No. 3. On September 26, 2017, the case was assigned to Senior District Judge McAvoy. Dkt. No. 4. On December 18, 2017, the case was referred to the undersigned. Dkt. No. 5. On January 8, 2018, the Court administratively closed the case with an opportunity to comply with the filing fee requirement. Dkt. No. 6. On February 6, 2018, the Court reopened the case after discovering that plaintiff had paid the filing fee and the

administrative closing was done in error.  Dkt. No. 7.  On February 8, 2018, the undersigned issued an Order to Show Cause directing plaintiff to "show cause, on or before February 21, 2018, why this case should not be dismissed without prejudice" and directing plaintiff to "file a status report with the Court indicating the status of the service and why this case should not be dismissed without prejudice."  Dkt. No. 8.  Plaintiff has not filed a status report or proof of service on defendants.

Under the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period.  See FED. R. CIV. P. 4(c)(1).  Specifically, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant.  Id.  As noted, plaintiff failed to respond to this Court's February 8, 2018 Order to Show Cause which provided plaintiff an opportunity to explain why she failed to execute service or provide proof of such service.  Dkt. No. 8.  As of the date of this Report-Recommendation and Order, there is no indication that plaintiff has served process on the defendants.

Accordingly, for these reasons, it is recommended that this action be dismissed without prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this matter (Dkt. No. 1) be **DISMISSED without prejudice** due to plaintiff's failure to serve summonses and complaint on defendants within the time period specified by the Federal Rules of Civil Procedure, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**IT IS SO ORDERED.**

Dated: March 15, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge